UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL DEWAYNE ANTHONY,** #332850, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:25-cv-00349 ) |
| **F/N/U BOLIVANT, Correctional Officer,** | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

State inmate Michael Dewayne Anthony filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and paid the filing fee. (Doc. No. 7).

This case is before the Court for ruling on Plaintiff's IFP application and for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. INITIAL REVIEW

**A. Legal Standard**

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 181 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. Inner City, supra.

Plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

Plaintiff sues Defendant Bolivant, a correctional officer for the Davidson County Sheriff's Office (DCSO), in his official capacity. (See Doc. No. 1 at 2 (checking box for official but not individual capacity)). He alleges that Bolivant "was the pod officer [and] opened my cell door to allow multiples to enter [and] assault me." (Id. at 4). This occurred during the "evening shift" of Friday, March 29, 2024, when Plaintiff was asleep on the bottom bunk of his cell on the second floor of B-pod, "which is considered maximum security." (Id.). As many as four individuals awakened Plaintiff by punching him in the face. (Id. at 5). He was escorted to the clinic after the attack concluded, where an x-ray revealed a fractured skull. (Id.). Plaintiff also alleges that his

2

injuries from the attack included broken teeth, a detached left retina, and a fractured sinus cavity. (Id.). Plaintiff grieved the matter while still in DCSO custody, claiming that he "had been threatened by gang members, to be jumped on once a cool officer [would] open the door for them," and that Bolivant was that officer and "purposely opened" Plaintiff's cell door so that the other inmates could assault him. (Id. at 7). Plaintiff was subsequently transferred to the Tennessee Department of Correction. (Id.). The Complaint asks that Bolivant be held liable in damages for the medical costs resulting from Plaintiff's injuries and for his pain and suffering. (Id. at 5).

**C. Analysis**

The Court liberally construes the Complaint to assert a claim under the Eighth Amendment. Correctional officers such as Defendant Bolivant have a duty to "take reasonable measures to guarantee the safety of the inmates" they guard. Farmer v. Brennan, 511 U.S. 825, 832 (1994). When prison guards fail to protect one inmate from an attack by other inmates, an Eighth Amendment violation may occur. See Walker v. Norris, 917 F.2d 1449, 1453 (6th Cir. 1990). However, "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." Wilson v. Yaklich, 148 F.3d 596, 600 (6th Cir. 1998). The inmate must show that the defendant prison official was deliberately indifferent "to a substantial risk of serious harm" to the inmate. Farmer, 511 U.S. at 828, 834; Greene v. Bowles, 361 F.3d 290, 294 (6th Cir. 2004). To meet this standard, the inmate must show "that the official was subjectively aware of the risk" and "disregard[ed] that risk by failing to take reasonable measures to abate it." Greene, 361 F.3d at 294 (quoting Farmer, 511 U.S. at 847).

Applying this standard, the Sixth Circuit in Bush v. Dickerson, No. 16-6140, 2017 WL 3122012 (6th Cir. May 3, 2017), considered the claim of an incarcerated plaintiff who was sleeping

3

in a segregated unit when his cell door buzzed and was unlocked electronically just before several inmates entered the cell and brutally attacked him. The Sixth Circuit found it reasonable to infer that the guard who controlled the electronic lock intentionally opened the cell door to allow the assailants inside. The guard's statement that he did not open the door was not a sufficient basis to award summary judgment and dismiss the complaint. Id. at *2–3. Likewise, at this initial stage and for purposes of initial review, Plaintiff's allegations that Defendant Bolivant was the pod officer on duty during the evening shift and allowed multiple inmates into Plaintiff's cell as he slept are sufficient to support a plausible claim that Bolivant was complicit in the attack and was therefore deliberately indifferent to a substantial risk that Plaintiff would be seriously harmed. This claim will proceed for further development against Bolivant in his personal capacity.[1]

As to the official-capacity claim against Defendant Bolivant, that claim is treated as being asserted against the entity of which Bolivant is an agent: the DCSO. Kentucky v. Graham, 473 U.S. 159, 166 (1985) (citations omitted). But the DCSO is not suable under Section 1983, nor could Davidson County itself be held liable unless Plaintiff's injuries resulted from the application of a County policy or custom, Berry v. Delaware Cnty. Sheriff's Off., 796 F. App'x 857, 860 (6th Cir. 2019); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994), which Plaintiff does not allege. Accordingly, the official-capacity claim against Bolivant will be dismissed.

---

[1] Although the Complaint indicates that Defendant is being sued in his official capacity only, Plaintiff's claim for damages is liberally construed as also seeking relief against Bolivant in his personal capacity. See DeRaffele v. Jones, No. 4:20-CV-02427, 2022 WL 743877, at *4 n.6 (M.D. Pa. Mar. 11, 2022) ("The plaintiff did not mark the corresponding boxes to indicate that he was suing these defendants in their personal capacities as well, but given his damages claims, we have liberally construed the complaint to assert his claims against them in both their official and personal capacities.").

## II. CONCLUSION

As explained above, the Complaint in this case will be allowed to proceed against Defendant Bolivant in his personal capacity.[2] The claim against Defendant in his official capacity is **DISMISSED**.

The docket does not show that Plaintiff has presented a summons to the Clerk for signature and seal. The Clerk is **DIRECTED** to send Plaintiff a blank summons (AO 440) for the defendant named in the Complaint. Plaintiff **MUST** complete the summons and return it to the Clerk's Office within **30 DAYS** of the entry of this Order. Failure to do so may result in the dismissal of this case.

Upon return of the properly completed summons, the Clerk is **DIRECTED** to issue the summons to Plaintiff for service on the defendant. Fed. R. Civ. P. 4(b). Having paid the civil filing fee, it is Plaintiff's responsibility to ensure that the defendant is served with a summons and a copy of the Complaint. Fed. R. Civ. P. 4(c)(1). Resources for pro se litigants, including instructions for how to accomplish service of process, are available free of charge on the Court's website as well as by request to the Clerk's Office so long as the privilege is not abused.

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude Defendant from filing a motion to dismiss under Federal Rule of Civil Procedure 12.

5

Case 3:25-cv-00349   Document 8   Filed 09/25/25   Page 5 of 5 PageID #: 26